**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| JOY DILLARD,                              )<br>                                                    )<br>                       **Plaintiff,**         )<br>                                                    )     **CIVIL ACTION**<br>v.                                                  )<br>                                                    )     **No. 06-2028-KHV**<br>DOUGLAS COUNTY BANK,      )<br>                                                    )<br>                       **Defendant.**    )<br>_____) | |

**MEMORANDUM AND ORDER**

On January 30, 2006, plaintiff filed suit against her former employer, Douglas County Bank, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq. This matter therefore comes before the Court on plaintiff's Motion To Dismiss (Doc. #18) filed July 13, 2006.

Plaintiff does not state whether she seeks dismissal without prejudice. Plaintiff's motion to dismiss states that she has decided to dismiss the case for three reasons: (1) she has been unable to acquire counsel; (2) she seeks to avoid further emotional stress; and (3) she can not give the case the attention it requires because of the time demands of her new job. Defendant has filed an answer but has not opposed plaintiff's motion to dismiss.

**Legal Standard**

After the opposing side answers, an action shall not be dismissed at plaintiff's instance save upon order of the Court and upon such terms and conditions as the court deems proper. Fed. R. Civ. P. 41(a). Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996). In exercising that discretion, the

Court must consider the purposes of Rule 41(a)(2). The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to allow the Court to impose curative conditions. See id. (citing 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 279 (2d ed. 1994)). Under Rule 41(a)(2), the Court has discretion "to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991).

When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). Courts generally allow dismissal without prejudice unless defendant will suffer some plain legal prejudice. Wimber v. Dep't of Soc. & Rehab. Servs., 156 F.R.D. 259, 261 (D. Kan. 1994); see also Clark, 13 F.3d at 1411. The Tenth Circuit has set out factors for courts to consider in determining whether to grant a motion to dismiss without prejudice: (1) defendant's efforts and funds expended towards preparing for trial; (2) plaintiff's undue delay or lack of diligence in prosecuting the action; (3) the adequacy of plaintiff's explanation for needing to dismiss; (4) plaintiff's diligence in moving to dismiss; (5) the present stage of litigation; and (6) duplicative expenses involved in a likely second suit. See Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D. Kan. 1995); see also Clark, 13 F.3d at 1411. Neither the mere prospect of a second lawsuit nor a tactical advantage to plaintiff amounts to legal prejudice. See Am. Nat'l Bank & Trust Co., 931 F.2d at 1412. For dismissal to be appropriate, all factors need not be resolved in favor of the moving party; likewise, for dismissal to be inappropriate, all factors need not be resolved in favor of the party opposing it. See United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986). Further,

the factors are not exclusive; they are merely guides for the district court.  See Phillips USA, Inc., 77 F.3d at 357-58.

The factors set out above favor dismissal without prejudice.  The Court has no information as to defendant's effort or expenses, but litigation is in the very early stages.  The record reflects some delay on plaintiff's part: the Court suspended the scheduling conference pending plaintiff's efforts to retain counsel.  When plaintiff could not retain counsel, however, she timely filed a motion to dismiss.  The Court has not entered a scheduling order and the parties have not conducted any discovery.  A second suit would involve few duplicative expenses.

The Court sustains plaintiff's motion to dismiss without prejudice.  Because of the early stage of litigation and other factors listed above, the Court does not impose any terms or conditions.

**IT IS THEREFORE ORDERED** that plaintiff's unopposed Motion To Dismiss (Doc. #18) filed July 13, 2006 be and hereby is **SUSTAINED**.  The case is **dismissed without prejudice**.

Dated this 23rd day of October, 2006 at Kansas City, Kansas.

> s/Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge